UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| RYAN BODDICKER, | ) | CIV. 09-4027-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ESURANCE INC., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Ryan Boddicker, filed suit against defendant, Esurance Inc.,[1] for violations of the Family Medical Leave Act (FMLA), the Uniformed Services Employment and Reemployment Rights Act (USERRA), and the Consolidated Omnibus Budget Reconciliation Act (COBRA). The court granted Esurance's motion for summary judgment in part, including on Boddicker's COBRA claim. Boddicker now moves to reconsider and vacate the grant of summary judgment on the COBRA claim. Esurance resists. The motion is granted.

**BACKGROUND**

The facts, viewed in the light most favorable to Esurance, the nonmoving party, are as follows:

---

[1] In its recent briefs to the court, Esurance has noted in footnotes that after this litigation commenced, Esurance changed its name from Esurance Inc. to Esurance Insurance Services, Inc. Until Esurance makes a motion to change the caption, the court will continue to use the original caption.

Boddicker, a military veteran, worked at Esurance in Sioux Falls, South Dakota. The military recalled him to active duty in February of 2005. While on active duty, he experienced a traumatic event that caused him to suffer panic attacks. After finishing his tour of duty, Boddicker returned to Esurance as a sales agent in March of 2006. He continued to experience panic attacks and needed leave from work. He applied for and received intermittent FMLA leave from Esurance in April of 2007. In August of 2007, Boddicker informed Esurance that he suffered from Post Traumatic Stress Disorder (PTSD) and needed lengthier FMLA leave to deal with that disorder. In October of 2007, Boddicker took extended FMLA leave. Boddicker resigned from Esurance on November 5, 2007.

While on active duty, Boddicker maintained a post office box in Sioux Falls as his address. Esurance uses a third party, Ceridian Benefits Services, Inc., to maintain its employees' personal information, including their addresses. The post office box was listed as Boddicker's permanent address in Ceridian's records. In July or August of 2007, Boddicker changed his address to 4500 East 36th Street, Sioux Falls, and he no longer maintained his post office box address. Boddicker did not update the Ceridian system with his new street address.

After Boddicker resigned from Esurance, Esurance sent a notice to Boddicker through the Ceridian system to the post office box address that he could continue his healthcare benefits under COBRA. Boddicker did not

2

receive this notice. After Boddicker commenced this litigation, Esurance again sent a COBRA notice to Boddicker in March of 2009. In May of 2008, Boddicker received a 30 percent veteran's disability rating and, due to this rating, qualified for full veterans' benefits.

Esurance moved for summary judgment and the court granted summary judgment on Boddicker's COBRA claim after concluding that Ceridian was the COBRA plan administrator for Esurance's employee benefits plan. Boddicker now moves for reconsideration and alleges that he has new evidence that Esurance is its own COBRA plan administrator.

## DISCUSSION

### I.   Rule 60(b) Motion

#### A.   Standard of Review

Under Federal Rule of Civil Procedure 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding." The court may grant Rule 60(b) relief if, among other avenues, one of the following four situations occurs: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(3), (6). A Rule 60(b) motion must be made within a reasonable time. Fed. R. Civ. P. 60(c).

In moving for reconsideration under Rule 60(b), Boddicker "respectfully suggests that this relief is appropriate under any of [the] four grounds" stated above. Docket 77 at 4. After reviewing the evidence, the court finds that Boddicker's motion is properly made under Rule 60(b)(3), which allows a court to reconsider an order if the opposing party committed fraud, misrepresentation, or other misconduct.

"Rule 60(b) is 'not a vehicle for simple reargument on the merits.'" *Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001) (quoting *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999)). Instead, the moving party must show exceptional circumstances. *Id.* (citing *Brooks v. Ferguson-Florissant Sch. Dist.*, 113 F.3d 903, 904 (8th Cir. 1997)).

"To prevail on a Rule 60(b)(3) motion, the movant must show, 'with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting its case.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 935 (8th Cir. 2006) (quoting *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005)). District courts have wide discretion to grant Rule 60(b) relief and the appellate court only reviews for an abuse of discretion. *Arnold*, 238 F.3d at 998 (citing *Sanders v. Clemco Indus.*, 862 F.2d 161, 169 (8th Cir. 1988)).

### A. Analysis

#### 1. Esurance's Initial Representations

In its brief in support of its summary judgment motion, Esurance represented to the court that Ceridian was its COBRA plan administer. *See* Docket 51 at 25 ("Esurance's COBRA administrator, Ceridian . . . ."); Docket 49, Defendant's Statement of Undisputed Material Facts ¶ 93 ("Ceridian is Esurance's COBRA Administrator." (citing Deposition of Sandra Hynes at 37-38)); *Id.* at ¶ 96 ("Once Esurance knows that an employee has terminated his or her employment, it electronically notifies Ceridian, its administrator, which then generates a COBRA notice." (citing Deposition of Sandra Hynes at 37-38)).

Esurance also discussed the duties of a plan administrator, Docket 51 at 26, repeated that Ceridian was Esurance's "COBRA administrator," Docket 51 at 4, 5, 24, 25, and described Ceridian's duties as a plan administrator. Docket 51 at 24-27. In a footnote, Esurance summarized its argument: "The Eighth Circuit has made clear that the plan administrator, not the employee's employer, has the duty to provide the COBRA notice required under Section 1166(a)(4). Here, Ceridian administered the COBRA plan." Docket 51 at 25 n.15 (citation omitted).

In replying to Boddicker's memorandum in opposition to Esurance's summary judgment motion, Esurance argued that "[t]hese undisputed facts demonstrate that Esurance has met its burden of providing that ***its***

5

***administrator*** sent the notice 'by means reasonably calculated to reach the recipient.' " Docket 64 at 15 (emphasis added) (quoting *Crotty v. Dakotacare Admin. Servs., Inc.,* 455 F.3d 828, 830 (8th Cir. 2006)). Boddicker argued that Esurance should have supervised Ceridian. Esurance replied by again highlighting that it was not the plan administrator: "Finally, although Boddicker claims that Esurance—not Ceridian—should be responsible under his COBRA claim, he provides no authority to counter the case law cited by Esurance in its opening brief that the Plan Administrator—not the employer—has the duty to provide the COBRA notice." Docket 64 at 17 (citation omitted).

It is clear that Esurance intended the court to conclude that Ceridian, and not Esurance, was the plan administrator. In granting summary judgment, the court relied on Esurance's representations that Ceridian was the plan administrator.

### 2. Boddicker's New Evidence

Boddicker's evidence shows that Esurance is the plan administrator for Esurance's COBRA benefits. In 2007, Esurance filed a Form 5500 with the Department of Treasury, Internal Revenue Service (2007 Form). In the 2007 Form, under § 2a, Esurance stated that the plan sponsor's name and address was Esurance, Inc., 650 Davis Street, San Francisco, CA 94111-1904. Docket 78-2. Under § 3a, where the 2007 Form asks for the "[p]lan administrator's name and address (if same as plan sponsor, enter 'Same' ),"

6

Esurance answered "Same." Docket 78-2. Sandra P. Hynes, on behalf of Esurance, signed the 2007 Form under penalty of perjury. Docket 78-2. Esurance's 5500 Form for 2008 contains the identical information. *See* Docket 78-1.

In its memorandum in opposition to Boddicker's motion for reconsideration, Esurance argues that summary judgment is still appropriate but ***does not refute*** that the 5500 Forms for 2007 and 2008 state that Esurance is the COBRA plan administrator.

### 3. Esurance Committed a Misrepresentation or Fraud

In order for the court to find that Esurance committed a misrepresentation or fraud, Boddicker must show by clear and convincing evidence that: (1) Esurance engaged in a fraud or misrepresentation; and (2) the fraud or misrepresentation prevented Boddicker from fully and fairly presenting his case. *Metro. Sewer Dist.*, 440 F.3d at 935.

Esurance's 5500 Forms from 2007 and 2008 state that Esurance, not Ceridian, is Esurance's plan administrator. Esurance neither offers conflicting evidence nor refutes this evidence. Thus, Boddicker has met his burden of proof by clear and convincing evidence that Esurance was the COBRA plan administrator during the period when Boddicker worked for Esurance.

Esurance's misrepresentation or fraud also prevented Boddicker from fully and fairly presenting his case because the court solely relied on

7

Esurance's representation that Ceridian was its COBRA plan administrator when it granted summary judgment in favor of Esurance on the COBRA claim. *See* Docket 74 at 16-19 (differentiating between the COBRA duties for an employer and its plan administrator and reasoning that, as a matter of law, Esurance had no duty to send out the notice because Ceridian was the plan administrator).

Courts generally decide issues on the narrowest possible grounds. *See, e.g.*, *Larson v. City of Fergus Falls*, 229 F.3d 692, 695 (8th Cir. 2000) (reasoning that the court would decide the issue on the narrower ground); *Wabun-Inini v. Sessions*, 900 F.2d 1234, 1243 n.5 (8th Cir. 1990) (same). In following sound jurisprudence, the court ruled on the narrowest possible ground that Esurance was not the COBRA plan administrator and, thus, had no liability. *See* Docket 74 at 16-19. Had Esurance not represented that Ceridian was its plan administrator, the court would have resolved the summary judgment motion on other grounds. Consequently, Esurance's misrepresentation or fraud prevented Boddicker from fully and fairly presenting his case and further prevented the court from fully and fairly deciding the COBRA claim. Consequently, Boddicker has met his burden of proof that his motion for reconsideration should be granted.

Esurance argues that Boddicker is time barred from bringing this motion because Rule 60(b) does not allow a party " 'to introduce new evidence that could have been adduced during pendency of the summary

judgment motion.' " Docket 95 at 3-4 (quoting *Alliance Commc'ns Coop., Inc. v. Global Crossing*, 690 F. Supp. 2d 889, 893 (D.S.D. 2010)). A party moving for reconsideration with new evidence must have a "justifiable excuse" for submitting the evidence after the court has issued its summary judgment order. *See, e.g.*, *Love v. Commerce Bank of St. Louis*, 37 F.3d 1295, 1296 (8th Cir. 1994) (denying a motion for reconsideration supported by new affidavits because the moving party "offered no justifiable excuse for failing to oppose the motion for summary judgment with the now-offered affidavits . . . ."). Granting of a motion for reconsideration under Rule 60(b) requires "an adequate showing of exceptional circumstances." *L.Z. v. Parrish*, 733 F.2d 585, 588 (8th Cir. 1984) (citing *Hoffman v. Celebrezze*, 405 F.2d 833, 835 (8th Cir. 1969)).

     The justifiable excuse in this case is Esurance's misrepresentation or fraud to Boddicker and to the court that Ceridian was its COBRA plan administrator. While litigation is often contentious, the federal rules prohibit parties from lying, misrepresenting facts, and committing fraud when conducting discovery and in their pleadings and motions to the court. *See, e.g.*, Fed. R. Civ. P. 11 (stating that by signing a pleading or written paper a party verifies that the legal and factual contentions are accurate); Fed. R. Civ. P. 26 (stating that by signing discovery documents a party agrees that the disclosures are complete and correct). The applicable ethical rules also prohibit dishonesty and fraud. *See, e.g.*, S.D. R. Prof. Conduct § 8.4(c) ("It is

professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation . . . ."); *Id.* at § 8.5(a) (stating that an attorney admitted pro hac vice is subject to South Dakota's ethical rules). Given that a court can impose sanctions when these rules are violated, parties and the court are usually justified in taking a party's factual representations as accurate.

Moreover, Esurance cites to a number of Eighth Circuit cases and previous orders from this court to argue that Boddicker had access to Esurance's 5500 forms earlier because they are publicly available on *www.freeerisa.com* and, in fact, Boddicker found Esurance's 5500 forms on that site. Esurance's argument circumvents the purpose of the federal rules and the ethical rules, and would allow parties to commit fraud on the court as long as the other party does not "catch" them in time.

The court is unpersuaded by Esurance's arguments because Esurance would essentially be allowed to benefit from its own reprehensible conduct. Accordingly, Boddicker has met both parts of the test for fraud or misrepresentation under Rule 60(b)(3) and the court will reconsider the motion for summary judgment on the COBRA claim.

## II.  Summary Judgment Motion

### A.  Standard of Review

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Only disputes over facts that might affect the outcome of the case will preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is inappropriate if a dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party bears the burden of bringing forward sufficient evidence to establish that there are no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court views the facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (internal citation omitted). The nonmoving party also receives "the benefit of all reasonable inferences to be drawn from the underlying facts" in the record. *Vette Co. v. Aetna Cas. & Sur. Co.*, 612 F.2d 1076, 1077 (8th Cir. 1980) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

**B.  Analysis**

**1.  COBRA Liability**

Under COBRA, an employee should receive a notification about his COBRA rights after a qualifying event occurs. 29 U.S.C. § 1166(a)(4)(A). A qualifying event includes an employee's termination. 29 U.S.C. § 1163(a)(2); *see also Chesnut v. Montgomery*, 307 F.3d 698, 700 (8th Cir. 2002) (finding

11

that leaving one job for a better job is a qualifying event). After a qualifying event occurs, the plan administrator has the duty to provide a COBRA notice to the employee "by means reasonably calculated to reach the recipient." *Crotty*, 455 F.3d at 829 (reasoning that COBRA requires "administrators of covered group health plans to notify terminated employees that they have the option of continuing their benefits after their employment ends." (citing 29 U.S.C. §§ 1161(a), 1163, 1166(a)(4))). Plan administrators bear the burden of proving that they provided notice consistent with COBRA's requirements. *Crotty*, 455 F.3d at 830 (citing *Stanton v. Larry Fowler Trucking, Inc.*, 52 F.3d 723, 728-29 (8th Cir. 1995), *overruled on other grounds*).

Esurance is the plan administrator for its COBRA plan. Esurance argues that employees are "solely responsible for assuring that the mailing address listed in the Ceridian system is accurate and complete." Docket 51 at 25. Once an employee leaves Esurance, a COBRA notice is generated based on the information contained in the Ceridian system. Esurance argues that it sent Boddicker's COBRA notice to Boddicker's last known address in the Ceridian system, a post office box in Sioux Falls. Esurance contends that sending a COBRA notice to an employee's last known address satisfies the "reasonably calculated to reach the recipient" requirement.

The post office box had not been registered to Boddicker since July or August of 2006. Boddicker claims that Esurance's mailings to Boddicker in

12

September, October, and November of 2007 were returned to Esurance by the U.S. Postal Service as undeliverable. Thus, Boddicker argues that if Esurance sent the notice to the post office box, the notice should have been returned to Esurance marked as undeliverable.

Esurance disclosed during discovery a draft of a letter that it had prepared and had in its file, which was addressed to Boddicker at his correct address of 4500 East 36th Street, Sioux Falls. The letter was from Patti Simpson, a human resources representative at Esurance. In her deposition, Simpson testified that she starts every letter "fresh," meaning that she does not edit an existing letter. Docket 57-4 at 18. Instead, she cuts and copies the employee's address from Ceridian's system for each letter. Docket 57-4 at 18. She agreed with Boddicker's attorney that this is her usual and customary practice. Docket 57-4 at 18.

Boddicker did not resign from Esurance until November 5, 2007, but a letter dated October 16, 2007, from Esurance contains his correct address. Given the existence of the October 16, 2007, letter and Simpson's testimony that she always copies and pastes employees' addresses from the Ceridian system when addressing letters, a genuine issue of material fact exists as to whether Esurance provided a COBRA notice to Boddicker by means reasonably calculated to reach him.

Esurance cites numerous cases to argue that "[m]ulitple courts have held that sending a COBRA notice to an employee's last known address

13

satisfies the 'reasonably calculated to reach the recipient' requirement." Docket 51 at 26. But the issue here is what was Boddicker's last known address, the post office box or the street address, and was Esurance justified in sending the COBRA notice to the post office box address.

Esurance further contends that Boddicker overstates Simpson's deposition testimony and that she did not specifically recall the letter dated October 16, 2007. But Simpson testified in her deposition that her usual practice was to cut and paste addresses from the Ceridian system into a letter when she sends letters to employees. Esurance also contends that even if Boddicker's street address was in the Ceridian system, he could have had two addresses (a post office box and a street address), many people and businesses have two addresses, and the mere existence of two addresses did not mean that Esurance was not justified in relying on the post office box address. Furthermore, Esurance argues that Boddicker's pay stubs from 2007 and his W-2 for 2007 were sent to his post office box and, thus, it was sensible for Esurance to rely on that address for sending out the COBRA notification. But Esurance never countered the fact that it received notices that the U.S. Postal Service could not deliver letters to Boddicker's post office address prior to the date the COBRA notice was mailed.

A genuine issue of material fact remains as to whether Esurance provided the COBRA notice to Boddicker by a means reasonably calculated

to reach him. Accordingly, summary judgment is denied on Boddicker's COBRA claim.

### 2. Damages

Esurance also argues that because Boddicker would not be entitled to a penalty under 29 U.S.C. § 1132(c)(1)(A), that summary judgment is appropriate. Esurance did not make this argument in its original briefs to the court on its motion for summary judgment.

Courts generally do not allow parties to make new arguments on motions for reconsideration that could have been raised in the original pleadings. *See, e.g.*, *United States v. Falcon*, No. 4:98-cr-70, 2008 WL 1776412, at *1 (D.N.D. Apr. 16, 2008) ("A rule 60(b) motion is not a second chance to reargue substantive arguments . . . or raise new arguments which the motion did not address." (citation omitted)). This rule should particularly hold true when the adverse party committed a misrepresentation or fraud and then presents new arguments to the court. But even if Esurance had properly raised the damages argument in its briefs on the summary judgment motion, it would not alter the denial of summary judgment.

COBRA is a part of the Employee Retirement Income Security Act of 1974 (ERISA). *Starr v. Metro Sys., Inc.*, 461 F.3d 1036, 1040 (8th Cir. 2006). In determining damages for a COBRA violation, ERISA's provisions, specifically 29 U.S.C. § 1132, control. Under 29 U.S.C. § 1132(c)(1), a

COBRA plan administrator who fails to meet a notice requirement, such as the notice requirement after a qualifying event occurs, *see* 29 U.S.C. §§ 1161-1163, " 'may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure . . . and the court may in its discretion order such other relief as it deems proper.' " *Delcastillo v. Odyssey Resource Mgmt., Inc.*, 431 F.3d 1124, 1129 (8th Cir. 2005) (omission in original) (quoting 29 U.S.C. § 1132(c)(1)). "The purpose of this statutory penalty is to provide plan administrators with an incentive to comply with the requirements of ERISA and to punish noncompliance." *Starr*, 461 F.3d at 1040 (citing *Kerr v. Charles F. Vatterott & Co.*, 184 F.3d 938, 948 (8th Cir. 1999); *Chesnut*, 307 F.3d at 704).

When exercising discretion, the Eighth Circuit has suggested that the district court "should consider 'the prejudice to the plaintiff and the nature of the plan administrator's conduct.' " *Starr*, 461 F.3d at 1040 (quoting *Kerr*, 184 F.3d at 948). "Although relevant, a defendant's good faith and the absence of harm do not preclude the imposition of the § 1132(c)(1)(A) penalty." *Id.* (citing *Chesnut*, 307 F.3d at 703). The district court has discretion to impose COBRA damages and will only be reversed for an abuse of that discretion. *Id.* (citing *Wilson v. Moog Auto., Inc. Pension Plan & Trust*, 193 F.3d 1004, 1010 (8th Cir. 1999)).

Esurance argues that it sent the COBRA notice to Boddicker in good faith and that no harm resulted from Boddicker receiving the notice late. Boddicker began receiving veterans' benefits in May of 2008, about five months after Esurance sent his original COBRA notice to the post office box address. Esurance contends that with his veterans' benefits, Boddicker received essentially "free" healthcare and would not have needed his COBRA benefits. Thus, Esurance urges the court to grant summary judgment because Boddicker could not receive any damages.

Esurance misstates Eighth Circuit precedent on COBRA damages. While the court should look to whether the plan administrator acted in good faith and whether the employee suffered any prejudice, even if the court finds good faith and no prejudice, it can still impose damages. *See Starr*, 461 F.3d at 1040. Moreover, whether Boddicker suffered any prejudice or incurred any monetary losses and the extent of any good faith by Esurance are issues of fact to be decided at trial. Consequently, Esurance's arguments are unpersuasive and summary judgment is denied.

### III.    **Bench Trial**

Boddicker alleges that Esurance violated 29 U.S.C. §§ 1132, 1166. The Eighth Circuit has "held that suits under 29 U.S.C. § 1132 to recover present or future benefits under ERISA are equitable in nature, and that there is no right to trial by jury." *Howe v. Varity Corp.*, 36 F.3d 746, 751 n.2 (8th Cir.

1994) (citing *In re Vorpahl*, 695 F.2d 318 (8th Cir. 1982); *Kirk v. Provident Life & Acc. Ins. Co.*, 942 F.2d 504, 506 (8th Cir. 1991)). A district court rules in error if it submits a plaintiff's ERISA claims to a non-advisory jury. *Houghton v. SIPCO, Inc.*, 38 F.3d 953, 957 (8th Cir. 1994).

Boddicker and Esurance similarly agree that if summary judgment is denied on the COBRA claim, then the issue should be tried to the court. Accordingly, at the conclusion of the jury trial each day on Boddicker's FMLA interference claim, the court will hear evidence, outside the presence of the jury from witnesses who testified earlier that day, on the COBRA claim.

## CONCLUSION

Boddicker moves for reconsideration of the court's denial of summary judgment on his COBRA claim based on evidence that Esurance is its own COBRA plan administrator. After reviewing the newly offered evidence, it is clear that Esurance engaged in a misrepresentation and fraud in its earlier briefs to the court on the summary judgment motion. The court grants Boddicker's motion for reconsideration. After reviewing the original briefs on the summary judgment motion and the new briefs submitted with the motion for reconsideration, summary judgment is denied on the COBRA claim because there are genuine issues of material fact. The court will hold a bench trial on the COBRA claim. Accordingly, it is

ORDERED that plaintiff's motion for reconsideration (Docket 76) is granted, and the court's grant of summary judgment on the COBRA claim in its December 15, 2010, order (Docket 74) is vacated. Summary judgment is denied on the COBRA claim.

Dated March 2, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE